Robert W. Martin, ND Bar ID # 04636
Martin Law
Heritage Place
201 South Main Street Suite 200
Minot ND 58701
Telephone: (701) 852-4837
Email: rwmlawyer@hotmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA, NORTHWESTERN DIVISION

| | |
|---|---|
| Eva Angelica Lucke, f/k/a Rojas, | ) |
| Plaintiff, | ) 1:16-cv-44 |
| -vs- | ) **JURY TRIAL DEMANDED** |
| Andrew Solsvig, individually and in his capacity as Director, Minot International Airport, and the City of Minot, a North Dakota Municipal Corporation, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, by and through her attorney, Robert Wade Martin of Minot, North Dakota, hereby sues the Defendants, Andrew Solsvig, individually and in his capacity as Director, Minot International Airport, and the City of Minot, a North Dakota Municipal Corporation (hereinafter Defendants) for the imposition of discriminatory and disparate terms in a commercial lease for the realty upon which the Plaintiff's business is located in violation of Plaintiff's Equal Rights and to Contract and impairment of the same, under color of State law, pursuant to 42 U.S.C. Section 1981; for violation of Plaintiff's due process rights, under color of State law, pursuant to 42 U.S.C Section 1983; for violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (d) *et seq.*, as amended (hereinafter Title VI); and for violation of Plaintiff's rights under the Equal Protection Clause of the XIV Amendment to the Constitution of the United States of America and alleges as follows:

## INTRODUCTION

1. This action is brought seeking initial injunctive relief from the imposition of discriminatory and disparate commercial lease terms by the Defendants upon the realty rented by the Plaintiff for the conduct of her business. The Defendants have sought imposition of discriminatory and disparate lease terms in violation her Equal Rights and to Contract in violation of 42 U.S.C. Section 1981, under color of State law. This action is further seeking comparable commercial lease terms to the other businesses that are renting realty from the Defendants at the location of the Minot International Airport, and such other and further relief as this Court deems just and equitable under the U.S.C. sections cited below.

2. This action is also brought, in part, to remedy the unlawful act of imposition of discriminatory and disparate commercial lease terms by the Defendants acting under color of State law which will deprive the Plaintiff of her due process rights of property secured by the Constitution and the laws of the United States in violation of 42 U.S.C. Section 1983. As Plaintiff is the owner of the building which has its *situs* on the realty upon which the Defendants are imposing discriminatory and disparate commercial lease terms, the termination of said lease will require either the removal of the physical structure or the sale of the same to Defendants, in either event, at pecuniary loss and to the damage of the Plaintiff's property rights.

3. Further, this action contends that the Defendants are prohibited from acting in a discriminatory fashion as they are the recipients of Federal funding and therefore in violation of the terms of Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (d) *et seq.*, as amended (hereinafter Title VI), in that disparate and discriminatory lease terms are being offered to the Plaintiff who is a Latina while more favorable terms are being offered to other persons of non-Hispanic origin.

4. Finally, this action contends that the Defendants are in violation of the terms of the Equal Protection Clause of the XIV Amendment to the Constitution of the United States of America, and the protections of the clause may be invoked without direct State action if the Defendants are acting under color of State law to enforce or coerce through the use of the court system discriminatory and disparate lease terms.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action involving 42 U.S.C. Sections 1981 and 1983, Title VI and an alleged XIV Amendment violation pursuant to 28 U.S.C. Sections 1331 and 1343 (a) (3) and (4). This Court is invested with jurisdiction to order declaratory and injunctive relief pursuant to 28 U.S.C Sections 2201 and 2202; compensatory damages under 42 U.S.C Section 1983; and attorney's fees and costs pursuant to 42 U.S.C. Section 1988.

6. Venue in this judicial district and division is proper pursuant to 28 U.S.C 1391 (b) because the actions complained of took place in this judicial district; the property that is the subject of the discriminatory and disparate commercial lease terms is located in this judicial district; the residency of Andrew Solsvig and Eva Angelica Lucke, f/k/a/ Rojas is in this judicial district; and the Defendant City of Minot is situated and conducts its business in this judicial district.

## PARTIES

7. Plaintiff, Eva Angelica Lucke, f/k/a Rojas, is an individual who was born in Chile on February 5, 1947, and became a naturalized American citizen on April 18, 1990. The Plaintiff is therefore a Latina, of Hispanic background, and also of the feminine gender. Plaintiff has resided continuously in the State of North Dakota since 1967, and her ex-husband and herself have founded and operated Minot Aviation at its *situs* at the Minot International Airport since 1983.

8. Defendant Andrew Solsvig is an individual and is the present—and most recent—Director of the Minot International Airport and the agent/employee of the Defendant City of Minot, a municipal corporation organized and existing under the laws of the State of North Dakota. The Defendant City is also the lessor in this matter attempting to impose discriminatory and disparate commercial lease terms upon the realty that is the *situs* of Plaintiff's long-standing business.

9. At all times relevant hereto the Defendants have acted under the color of State law.

## STATEMENT OF FACTS

10. The Plaintiff and her ex-husband have been operating Minot Aviation, a family business, concerned with the development and sale of experimental aircraft and

hobby items related to the aeronautical industry, at its current *situs* at the Minot International Airport since 1983. The family business is operated in a building owned by the Plaintiff, but located on realty that is owned by the Defendant City of Minot and leased to the Plaintiff, said lease being administered by the Defendants through the person of the Director of the Minot International Airport, which office is currently and most recently occupied by Defendant Andrew Solsvig.

11. This long-standing relationship was interrupted by an attempt by the Defendant City of Minot and a former Director of the Minot International Airport to force the removal of the family business from the realty by way of a forcible detainer action in the matter of City of Minot v. Eva Lucke Case No. 51-06-C-01421, filed in Ward County District Court on October 24, 2006. This action was dismissed by the Honorable David W. Nelson, Judge of the Northwest District Court, on March 7, 2008 after an order to show cause why such dismissal should not occur was heard on March 3, 2008.

12. Since the dismissal of the Defendant City's action in state court by Judge Nelson, the Plaintiff and the Defendant City have been operating under the terms of a commercial lease entered into on or about March 3, 2003, which provided for an extended lease option of five (5) years in addition to the original five (5) year term of said lease. The Plaintiff has made and continues to make all payments as required under the terms of said lease. No other commercial lease was offered by the Defendants to the Plaintiff until the one at issue in the instant case was forwarded on December 23, 2015.

13. The commercial lease at issue was received by the Plaintiff at her place of business on December 31, 2015, along with a cover letter from the Defendant Andrew Solsvig informing her that she had a "comment period" deadline of January 12, 2016. Plaintiff contacted counsel on January 4, 2016 and a request was forwarded to the Defendants asking for additional time to review the terms of the proposed commercial lease.

14. The request for additional time was denied by the Defendants by way of an email dated January 8, 2016. The Defendants did, however, respond with requested copies of commercial leases for other tenants in the same area of the Minot International Airport at the request of counsel.

15. Review of the commercial leases of the other tenant businesses in the near locale of the Plaintiff's family business, reveals terms of initial occupancy and renewal options far in excess of what is being offered to Plaintiff. In the commercial lease offered by the Defendants to Plaintiff, the initial term or occupancy was for a period of eighteen (18) months with an option to extend the same on a year-to-year basis only upon the mutual consent of the parties to the commercial lease.

16. In the commercial lease offered PS Properties, LLP, for example—a business entity owned and operated by a Caucasian male, that operates in the same area as the Plaintiff—the Defendants offer an initial term of occupancy of a period on one (1) year and eight (8) months, set a price cap of thirty cents ($.30) per square foot for the first five (5) years of said lease, and an option to renew the commercial lease for a period of twenty (20) years.

17. The Defendants informed Plaintiff by way of email dated February 22, 2016 when these disparities were brought to their attention that the drastically shorter and disparate terms for Plaintiff's operation was the result of a need to have "…the most flexibility for redevelopment efforts" and that there would be no further negotiation of the commercial lease terms offered to Eva Angelica Lucke, f/k/a Rojas.

## COUNT I
## VIOLATION OF 42 U.S.C. 1981

18. Eva Angelica Lucke, f/k/a Rojas, hereby adopts and incorporates each of the preceding paragraphs as if fully set forth herein.

19. 42 U.S.C. 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other… [f]or purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship…[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

20. The Defendants have offered disparate and discriminatory terms to Plaintiff in a commercial lease while offing more favorable terms to other entities that are not owned or operated by a Latina, and done so under color of State law through the process. These are actions in clear violation of the above section of the U.S.C.

## COUNT II
## VIOLATION OF 42 U.S.C. 1983

21. Eva Angelica Lucke, f/k/a Rojas, hereby adopts and incorporates each of the preceding paragraphs as if fully set forth herein.

22. 42 U.S.C. 1983 provides "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." This is not an action brought against a judicial officer—the Defendants have and are acting under color of State law to deprive Plaintiff of her equal rights and to contract by attempting to force her acquiescence to discriminatory and disparate lease terms in violation of the various sections of the U.S.C. cited herein and of the Equal Protection Clause of the XIV Amendment.

## COUNT III
## VIOLATION OF TITLE VI

23. Eva Angelica Lucke, f/k/a Rojas, hereby adopts and incorporates each of the preceding paragraphs as if fully set forth herein.

24. Title VI, specifically 42 U.S.C. 2000 (d) provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The City of Minot has

received and is receiving large amounts of Federal funding, not only for the development of the new buildings at the Minot International Airport and destruction of the old, but for the recovery of the City itself from the flood of 2011, as well as the ongoing funding accorded to any American municipality. The Defendants have offered Plaintiff "take it or leave it" commercial lease terms that are discriminatory and disparate on their face, granting more favorable terms to others than are proffered to the Plaintiff, who is of the feminine gender and of Hispanic origin, the latter of which is specifically a protected classification under the terms of Title VI.

## COUNT IV
## VIOLATION OF XIV AMENDMENT

25. Eva Angelica Lucke, f/k/a Rojas, hereby adopts and incorporates each of the preceding paragraphs as if fully set forth herein.

26. The XIV Amendment to the Constitution of the United States provides under section 1 that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection Clause essentially requires that people in similar situations be treated similarly, and the protections of the clause may be invoked without direct State action if the Defendants are acting under color of State law to enforce or coerce through the use of the court system discriminatory and disparate lease terms.

## PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff, Eva Angelica Lucke, f/k/a Rojas, respectfully requests that Judgment be entered in her favor and against the Defendants and that the Court grant all permissible relief including, but not limited to, the following:

    A. Enjoin the Defendants from any action relating to the discriminatory and disparate lease terms offered in her commercial lease as proffered by the Defendants as of February 1, 2016, including enforcement of the same through any legal process;

B. Require the Defendants to offer comparable lease terms to Plaintiff as proffered to other entities owned or controlled by Caucasians;

C. Require the Defendants to pay for Plaintiff's reasonable costs in seeking injunctive and declaratory relief from this Court, including but not limited to her reasonable attorney's fees, and;

D. For whatever other and further relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Eva Angelica Lucke, f/k/a Rojas, demands a jury trial on each Count of this complaint and on all issues so triable.

Dated this 3rd day of March, 2016

Robert W. Martin, ND Bar ID # 04636
Martin Law
Heritage Place
201 South Main Street Suite 200
Minot ND 58701
rwmlawyer@hotmail.com