IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

Case No: 1:16-cv-00044

Eva Angelica Lucke, f/k/a Rojas, )
)
        Plaintiff, )
)
vs. )
) **ANSWER AND JURY DEMAND**
Andrew Solsvig, individually and in his )
capacity as Director, Minot International )
Airport, and the City of Minot, a North )
Dakota Municipal Corporation, )
)
        Defendants. )

\*\*\*        \*\*\*        \*\*\*

COMES NOW, Defendants Andrew Solsvig, Minot International Airport, and the City of Minot, and for their answer to Plaintiff's Complaint, allege and state as follows:

I.

Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint, and affirmatively assert that Plaintiff has received leasing terms comparable to other tenants.

II.

Defendants deny the allegations contained in paragraphs 2, 3, and 4 of Plaintiff's Complaint.

III.

As to paragraph 5 of Plaintiff's Complaint, Defendants admit that this Court has subject matter jurisdiction over the claims fully pleaded, if any, in the Complaint, and affirmatively state that the cited statutes speak for themselves.

IV.

As to paragraph 6 of Plaintiff's Complaint, Defendants admit that Defendant Solsvig resides within this judicial district and the City of Minot and the Minot International Airport are also within this district. Defendants lack information and belief sufficient either to admit or deny the domicile and residency of Plaintiff. Defendants affirmatively assert that the venue statute speaks for itself and deny the remaining allegations contained in paragraph 6 of the Complaint.

V.

Defendants lack information and belief sufficient either to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

VI.

As to paragraph 8 of Plaintiff's Complaint, Defendants admit Defendant Solsvig was previously director of the Minot International Airport. Defendants deny he currently holds that position as he has left to pursue other interests. Defendant City of Minot admits it is a North Dakota municipal corporation and is lessor of property leased to Plaintiff. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Complaint.

VII.

Defendants lack information and belief sufficient either to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

VIII.

As to paragraph 10 of Plaintiff's Complaint, Defendants admit leasing property to Plaintiff, that leases are administered in part by the Director of the Minot International Airport, and that Defendant Solsvig has previously held that position. Defendants deny that he presently

holds the position. Defendants lack information or belief sufficient either to admit or deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

IX.

Defendants admit filing a forcible detainer action in North Dakota state court in 2006, which action has since been dismissed without prejudice as described in paragraph 11 of Plaintiff's Complaint. Defendants deny the remaining allegations in that paragraph.

X.

Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

XI.

As to paragraph 13 of Plaintiff's Complaint, Defendants lack sufficient information or belief either to admit or deny where Plaintiff received the draft lease or when she contacted counsel. Defendants admit the remaining allegations in that paragraph of the Complaint.

XII.

Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

XIII.

Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint as to the specific terms of the lease offered to Plaintiff. Defendants deny the remaining allegations in that paragraph, and affirmatively assert that terms offered to Plaintiff are reasonable in light of the circumstances and motivated solely by Defendants' needs and business judgment.

XIV.

Defendants admit the allegations contained in paragraph 16 of Plaintiff's Complaint as to the specific terms of a lease offered to PS Properties, LLP. Defendants lack information or belief sufficient either to admit or deny the demographic characteristics of the owners or officers of PS

Properties, LLP. Defendants admit that both Plaintiff and PS Properties, LLP lease property on or around the Minot International Airport.

XV.

Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint.

XVI.

As to paragraph 18 of Plaintiff's Complaint, Defendants reallege all previous admissions, denials, and allegations.

XVII.

As to paragraph 19 of Plaintiff's Complaint, Defendants allege that the cited statute speaks for itself. Defendants specifically deny that the cited statute provides a cause of action for any of the actions alleged in Plaintiff's Complaint.

XVIII.

Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

XIX.

As to paragraph 21 of Plaintiff's Complaint, Defendants reallege all previous admissions, denials, and allegations.

XX.

As to paragraph 22 of Plaintiff's Complaint, Defendants allege that the cited statute speaks for itself. Defendants admit that none of them are judicial officers. Defendants deny the remaining allegations contained in that paragraph of Plaintiff's Complaint.

XXI.

As to paragraph 23 of Plaintiff's Complaint, Defendants reallege all previous admissions, denials, and allegations.

XXII.

As to paragraph 24 of Plaintiff's Complaint, Defendants allege the cited statute speaks for itself. Defendants admit that Defendant City of Minot receives federal funding through any number of federal grant and aid programs, but deny that any of that funding bears on the facts alleged in Plaintiff's Complaint. Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

XXIII.

As to paragraph 25 of Plaintiff's Complaint, Defendants reallege all previous admissions, denials, and allegations.

XXIV.

As to paragraph 26 of Plaintiff's Complaint, Defendants allege that the cited constitutional provision speaks for itself. Defendants deny violating any rights of Plaintiff protected by the federal constitution and deny that Plaintiff has accurately stated the force and scope of the cited provisions.

**Defenses**

XXV.

Defendants reallege all previous allegations, admissions, and denials.

XXVI.

Minot International Airport is not a legal entity subject to legal process or capable of being sued.

XXVII.

Defendants affirmatively assert that other similarly situated lessees of property owned by Defendant City of Minot have been offered lease terms identical in all material respects. Other

leases offering differing terms were so offered in light of the business judgment and needs of Defendants.

## XXVIII.

Plaintiff's Complaint fails for insufficient service of process in accordance with the Federal Rules of Civil Procedure.

## XXIX.

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## XXX.

Defendant Solsvig is immune from suit on the basis of qualified immunity.

## XXXI.

Defendants allege that all or part of Plaintiff's Complaint is time barred by applicable statutes of limitations, statutes of repose and/or otherwise time barred.

## XXXII.

Defendants allege Plaintiff's Complaint is barred by estoppel, laches, release, res judicata, collateral estoppel, or waiver.

## XXXIII.

Defendants specifically deny any fault, liability, or wrongdoing and allege Plaintiff's claims against them are without any justification whatsoever.

## XXXIV.

Defendants allege Plaintiff was not damaged at all or to the extent claimed.

XXXV.

Defendants claim state law immunity pursuant to the relevant provisions of Chapter 32-12.1 of the North Dakota Century Code and other applicable law governing immunity of political subdivisions, and political subdivision employees.

XXXVI.

Plaintiff cannot show she has suffered any violation of her constitutional rights by the actions of any of the Defendants.

XXXVII.

Pending completion of discovery, Defendants assert and incorporate by reference all affirmative defenses available pursuant to Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

XXXVIII.

WHEREFORE, Defendants request Plaintiff's Complaint against them be in all things dismissed; that Defendants recover their costs, disbursements, and attorney's fees herein; and that the Court award such other relief as the Court may deem just and proper.

DEFENDANTS HEREBY REQUEST A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW ON ALL ISSUES SO TRIABLE.

Dated this 28th day of March, 2016.

        SMITH BAKKE PORSBORG SCHWEIGERT & ARMSTRONG


By /s/ Scott K. Porsborg
  Scott K. Porsborg (ND ID No: 04904)
  sporsborg@smithbakke.com
  Preston Wise (ND Bar ID#08044)
  pwise@smithbakke.com
  122 East Broadway Avenue
  P.O. Box 460
  Bismarck, ND 58502-0460
  (701) 258-0630

  Attorneys for Defendants, Andrew Solsvig, individually and in his capacity as Director, Minot International Airport, and the City of Minot, a North Dakota Municipal Corporation Minot

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2016, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

Robert W. Martin
Attorney at Law
Heritage Place
201 South Main Street, Suite 200
Minot, ND 58701


        By /s/ Scott K. Porsborg
         SCOTT K. PORSBORG