IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Eva Angelica Lucke, f/k/a Rosie, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY** |
| vs. | ) | **JUDGMENT** |
| | ) | |
| Andrew Solsvig, individually and in his | ) | Case No. 1:16-cv-44 |
| capacity as Director, Minot International | ) | |
| Airport, and the City of Minot, a North | ) | |
| Dakota municipal corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendants' motion for summary judgment filed on July 14, 2017. See Docket No. 22. The Plaintiff filed a response in opposition to the motion on July 26, 2017. See Docket No. 27. The Defendants filed a reply on August 9, 2017. See Docket No. 32. For the reasons set forth below, the Defendants' motion for summary judgment is granted.

I.   BACKGROUND

This case arises from the alleged racial discrimination of the Plaintiff by the Defendants in regards to a proffered lease agreement. The Plaintiff, Eva Lucke, has owned and operated Minot Aviation, a hobby shop, in a building she owns, located on land owned by the City of Minot ("the City") since 1983. See Docket No. 1. The land is leased to Lucke through an agreement administered by the Director of the Minot International Airport ("the Airport"). At all times relevant to this lawsuit, Andrew Solsvig served as the Director of the Airport. From March 3, 2003, to September 30, 2013, Lucke and the City operated under the terms of a commercial lease agreement. See Docket No. 25. From September 30, 2013, to December 25, 2015, Lucke continued to operate Minot Aviation at its current location without a lease agreement in place.

During that time, while the City redrafted its lease agreements, it allowed several leaseholders to operate without a lease, and instead rent on a month-to-month basis.

On December 23, 2015, the City offered Lucke a new commercial lease, the lease at issue in this case. See Docket No. 25. All expired lease agreements were extended new lease offers during that time, with the terms of the lease offers depending on the type of operation in which the tenant utilized the space. Along with the newly proffered commercial lease, a "comment period" deadline of January 12, 2016, was imposed. Lucke, through her attorney, requested additional time to review the lease's terms; the request was denied on January 8, 2016. As requested by Lucke's counsel, Director Andrew Solsvig provided Lucke with copies of commercial leases that had been offered to other tenants of the Airport.

In the newly proffered lease agreement, Lucke was offered a commercial lease with an initial term of occupancy of eighteen (18) months, with a base term rent of thirty cents ($0.30) per square foot per annum. See Docket No. 25. The lease also contained an option to renew on a year-to-year basis, upon the parties' mutual consent. Lucke compared the lease she was offered to commercial leases that were offered to other tenants of the Airport and alleges she faced disparate treatment and was racially discriminated against.

On March 7, 2016, Lucke brought the instant action against the Defendants, alleging four causes of action: violation of 42 U.S.C. § 1981, violation of 42 U.S.C. § 1983, violation of Title VI, and violation of XIV Amendment to the United States Constitution. See Docket No. 1. On July 14, 2017, the Defendants filed a motion for summary judgment, arguing Lucke is unable to present a prima facie case of racial discrimination. See Docket No. 22.

**II.    LEGAL DISCUSSION**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). The non-moving party may not rely merely on allegations or denials; rather, it must set out specific facts showing a genuine issue for trial. Id.

**A. Lucke's 42 U.S.C. § 1981 Claim**

The Defendants argue Lucke's Section 1981 claim fails because she cannot show direct evidence of discrimination; she is unable to create an inference of unlawful discrimination under the *McDonnell Douglas* framework; and the Defendants have legitimate, non-discriminatory, and non-pretextual reasons for offering her that particular lease. See Docket No. 23.

42 U.S.C. § 1981 prohibits intentional discrimination on the basis of race or ethnicity concerning an activity protected by the statute. Saint Francis College v. Al-Khazraji, 481 U.S. 604, 613 (1987). Making a contract is such a protected activity, and Lucke claims that the

Defendants offered her disparate and discriminatory terms in a proposed commercial lease while offering more favorable terms to other entities.  See Thomas v. City of St. Paul, 526 F.Supp.2d 959, 967 (D. Minn. 2007) ("Racial discrimination in the making and enforcement of contracts is prohibited under 42 U.S.C. § 1981.").

Lucke's claims may survive the Defendants' motion for summary judgment in one of two ways.  McCullough v. Univ. of Ark. For Med. Scis., 559 F.3d 855, 860 (8th Cir. 2009).  First, Lucke may "present admissible evidence directly indicating unlawful discrimination." Young v. Builders Steel Co., 754 F.3d 573, 577 (8th Cir. 2014).  Alternatively, Lucke may create an inference of discrimination under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

"A plaintiff establishes a prima facie case under § 1981 by showing (1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)." Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004).  Both parties agree Lucke is a member of a protected class and, thus, she has satisfied the first prong of the test.

Intentional discrimination may be shown by either:  (1) proof of direct evidence of discrimination; or (2) a prima facie case of unlawful discrimination through indirect evidence under the *McDonnell Douglas* burden-shifting test, and then rebutting any proffered nondiscriminatory reasons for the employment decision with sufficient evidence of pretext. Griffith v. City of Des Moines, 387 F.3d 733, 736 (8th Cir. 2004).  In the context of employment discriminations actions, direct evidence "is not the converse of circumstantial evidence;" rather, it is evidence "showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion

actually motivated" the adverse employment action. Torgerson v. City of Rochester, 643 F.3d 1031, 1044 (8th Cir. 2011). Such evidence must be strong and must clearly point to the presence of an illegal motive for the adverse action. Bone v. G4S Youth Services, LLC, 686 F.3d 948, 953 (8th Cir. 2012) (quotation omitted). Lucke's response focuses solely on the *McDonnell Douglas* framework; thus, it appears Lucke has no direct evidence of racial discrimination. See Docket No. 27-1. Therefore, the Court must decide if Lucke has presented evidence that creates an inference of discrimination.

Lucke points to two events which she claims establishes a pattern of discriminatory behavior on behalf of the Defendants. The first is the attempt by the Defendants to evict Lucke from her current location in 2006, and the second is the commercial lease proffered in December 2015, which she alleges contain "disparate terms." See Docket No. 27-1. The Defendants argue that the two incidents, nearly a decade apart, do not create a pattern or an inference of discrimination. Further, the Defendants argue Lucke offered no evidence or even an allegation that the attempted eviction in 2006 was racially motivated. See Docket No. 32. The Court finds the Defendants' argument to be persuasive.

In addition, the Defendants note Fred Anderson, a male Caucasian, was offered a lease with identical occupancy and price terms as the December 2015 lease which Lucke was offered. See Docket No. 23. Because Lucke was offered a contract identical to the contract offered to an individual outside of that class, the Defendants argue Lucke is unable to demonstrate discrimination based on her protected class status. See Docket No. 23. In response, Lucke argues her operation and Anderson's operation are not comparable in scope, physical size, or commercial activity. Lucke's affidavit states Anderson's operation is smaller than hers, has limited square footage, and only has a dirt floor. See Docket No. 29, p. 3. Lucke's affidavit also states "Anderson

5

is an elderly man who may not even be medically qualified to spray crops or even be operating out of his T-Hangar at this time."[1] See Docket No. 29, p. 3.

The Court finds that Lucke cannot establish a prima facie case of discrimination because she has not presented evidence that would give rise to an inference of unlawful discrimination. To survive a summary judgment motion, the non-moving party must substantiate her allegations with sufficient probative evidence that would permit a finding in her favor based on more than "mere speculation, conjecture, or fantasy." Putman v. Unity Health System, 348 F.3d 732, 733-34 (8th Cir. 2003). A response to a summary judgment motion must state the specific facts upon which the non-moving party relies, and the facts "must be supported by reference to specific pages, paragraphs, or parts of the pleadings, deposition, answers to interrogatories, exhibits, and affidavits." D.N.D. Civ. L. R. 7.1(A)(3). The Court finds Lucke's response fails to adequately state the facts upon which she relies, and she has failed to meet her burden of proof. See Forrest, 285 F.3d at 691 (non-moving party may not rely merely on allegations or denials; rather, it must set out specific facts showing a genuine issue for trial). Lucke's response merely mentions two events in support of her claim for discrimination: (1) the attempted eviction in 2006, which she never asserts was racially motivated; and (2) the proffered commercial lease at issue. See Docket No. 27-1. However, simply attempting to evict someone of a protected class or proffering a lease with different terms does not automatically indicate discriminatory intent. The Court finds Lucke has not met her burden of proof; thus, her 42 U.S.C. § 1981 claim must fail because she cannot prove all of the necessary elements of her claim.

---

[1] It should be noted that Lucke makes this claim without offering any evidence or support as to Anderson's medical status.

Further, even if Lucke had made a showing of a prima facie case of discrimination, the Court finds that the Defendants presented legitimate, non-discriminatory reasons for offering her the lease they did. Andrew Solsvig's affidavit, filed in support of the Defendants' motion, states the Airport is updating its Master Plan, and it needed flexibility regarding potential future changes to the Airport's layout. See Docket No. 25. Solsvig's affidavit also notes Federal Aviation Administration (FAA) policy requires airport property to be used for aeronautical use, unless the non-aeronautical use is approved by the FAA, and there are concerns regarding whether Lucke's hobby shop qualifies as a "non-aeronautical use." See Docket Nos. 25 and 26-4. Further, Solsvig's affidavit notes that the City has expressed concerns regarding the physical state of Lucke's building. See Docket No. 25. The Court further finds that Lucke cannot show the Defendants' non-discriminatory reasons were pretextual. Merely disputing the Defendants' reason is insufficient; a plaintiff must show both that the reason was false, and that discrimination was the real reason. See Stuart v. General Motors Corp., 217 F.3d 621, 634 (8th Cir. 2000). Because Lucke has failed to demonstrate a prima facie case of racial discrimination, the Defendants are entitled to summary judgment on the § 1981 claim.

### B. Lucke's 42 U.S.C. § 1983 Claim

Lucke's complaint asserts a violation of 42 U.S.C. § 1983. Section 1983 provides a federal cause of action against state officials for deprivation of the "rights, privileges, or immunities secured by the Constitution and laws," of the United States. 42 U.S.C. § 1983; Grey v. Wilburn, 270 F.3d 607, 611 (8th Cir. 2001). Lucke's complaint alleges the Defendants "have and are acting under color of State law to deprive Plaintiff of her equal rights and to contract by attempting to force her acquiescence to discriminatory and disparate lease terms." See Docket No. 1, p. 6.

Section 1983 race discrimination claims are also evaluated under the *McDonnell Douglas* framework. See Richmond v. Board of Regents of University of Minnesota, 957 F.2d 595, 598 (8th Cir. 1992). Because the Court finds that Lucke has failed to advance evidence demonstrating possible pretext and racially-motivated action, summary judgment is also appropriate on Lucke's claim of race discrimination under Section 1983.

### C. Violation of Title VI & Violation of XIV Amendment Claim

Lucke also brings a Title VI claim. 42 U.S.C. § 2000(d) states: "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Lucke's complaint alleges the City has and continues to receive "large amounts of Federal funding, not only for the development of the new buildings at the Minot International Airport and destruction of the old, but for the recovery of the City itself from the flood of 2011, as well as the ongoing funding accorded to any American municipality." See Docket No. 1, pp. 6-7. The complaint asserts that the Defendants have offered Plaintiff "'take it or leave it' commercial lease terms that are discriminatory and disparate on their face, granting more favorable terms to others than are proffered to the Plaintiff." See Docket No. 1, p. 7.

To establish the elements of a prima facie case under Title VI, a complaining party must demonstrate that his/her race, color, or national origin was the motive for the discriminatory conduct. Thompson by and through Buckhanon v. Board of Special School Dist. No. 1 (Minneapolis), 144 F.3d 574, 581 (8th Cir. 1998). As discussed above, the Court finds that Lucke did not establish a prima case of racial discrimination, and even if she had demonstrated a prima

8

facie case, the Defendants presented legitimate, non-discriminatory reasons for offering her the lease they did.

Lucke's complaint also brings a claim for a violation of the Equal Protection Clause of the XIV Amendment to the United States Constitution. See Docket No. 1, p. 7. The Equal Protection language of the XIV Amendment states:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In order to establish a prima facie violation of the Equal Protection Clause on the basis of discrimination, there must be state action. Thomas v. City of St. Paul, 526 F.Supp.2d 959, 967 (D. Minn. 2007). To support the claim, a plaintiff must offer facts and evidence that constitute "[p]roof of racially discriminatory intent or purpose." Id. As outlined above, the Court finds that Lucke has failed to allege an instance demonstrating that the Defendants intentionally provided Lucke the proffered lease due to her race. The Court finds that Lucke is unable to sufficiently connect the Defendants' actions with her race.

The Defendants' summary judgment motion also presents arguments regarding individual and official capacity claims as to Andrew Solsvig, and they contend Solsvig is entitled to qualified immunity. See Docket No. 23. Plaintiff's response fails to dispute or even address in a meaningful way the Defendants' arguments regarding Plaintiff's individual and official capacity claims against Solsvig. See Docket No. 27-1. "A response to a motion for summary judgment must also state the facts upon which the party opposing summary judgment relies and must clearly identify those facts that the opposing party claims are contested and that require a trial." D.N.D. Local Civ. R.

7.1(A)(3). The Court finds that the Plaintiff has failed to meet this requirement, and Defendants are entitled to summary judgment.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendants' summary judgment motion (Docket No. 22) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 2nd day of November, 2017.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court